

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00271-CR

**TERRY LEE POWELL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 52nd District Court
## Coryell County, Texas
## Trial Court No. 17-23982

## MEMORANDUM OPINION

Appellant, Terry Lee Powell, pleaded guilty to the offense of assault family violence by occlusion. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(B). The trial court deferred an adjudication of guilt and placed him on community supervision for ten years. The State then filed a "Motion to Adjudicate Guilt and Revoke Community Supervision," alleging that Powell committed a new offense—indecent assault.

At the hearing on the State's motion, Powell pleaded "not true" to the sole allegation in the State's motion. After hearing testimony from several witnesses, the trial court found the allegation to be "true," adjudicated Powell's guilt, and assessed punishment at five years in prison. This appeal followed.

Powell's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance with the other duties of appointed counsel. As such, we conclude that counsel has performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). After

a review of the entire record in this appeal, we further conclude that this is appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Despite finding no reversible error in this record, counsel has identified Category 2 nonreversible error in the judgment of conviction regarding Powell's plea to the allegation contained in the State's "Motion to Adjudicate Guilt and Revoke Community Supervision." *See Cummins v. State*, 646 S.W.3d 605, 616 (Tex. App.—Waco 2022, pet. ref'd) (noting that Category 2 nonreversible error is error that is unpreserved, but not subject to procedural default). A review of the record shows that Powell pleaded "not true" to the allegation contained in the State's "Motion to Adjudicate Guilt and Revoke Community Supervision." However, the judgment of conviction stated that Powell pleaded "true." We modify the trial court's judgment of conviction to reflect that Powell pleaded "not true" to the allegation contained in the State's "Motion to Adjudicate Guilt and Revoke Community Supervision." *See Cummins*, 646 S.W.3d at 616; s*ee also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (stating that "an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source").

Based on the foregoing, we affirm the trial court's judgment of conviction as modified. Furthermore, we grant counsel's motion to withdraw from representation of Powell in this appeal.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Affirmed as modified; motion granted
Opinion delivered and filed April 19, 2023
Do not publish
[CR25]

